Henry E. BERNIER, et als.
vs.
**FREETOWN-LAKEVILLE REGIONAL SCHOOL DISTRICT COMMITTEE**

**No. 15014**

Superior Court/Bristol, ss.
Trial Court of the
Commonwealth of Massachusetts

**December 3, 1982**

**John M. Xifaras,** counsel for plaintiff. **Ralph T. Caldraro,** counsel for defendant.

## MEMORANDUM OF DECISION

In this action, the plaintiff complains that the executive session of the defendant's meeting of October 5, 1982, violates the Massachusetts Open Meeting Law, G. L. c. 39, sec. 23B.

The case was consolidated with that of **Powers v. Freetown-Lakeville Regional School District Committee,** No. 15015, and submitted on the evidence in that case (the decision in which is incorporated herein by this reference), together with a stipulation that during the executive committee meeting, the defendant's counsel merely advised the school committee of the possibility of litigation by Powers, and the provisions of G.L. c. 71, sec. 42A, and recommended to them that the final vote with respect to Powers' transfer not be taken until 30 days after the start of the school year.

No vote or discussion of Powers occurred during the executive session.

Defendant argues that the executive session was permissible as involving a discussion of litigation.

The court agrees with the Plaintiff's position.

G. L. c. 39, sec. 23B (c)(3) permits an executive session "to discuss strategy with respect to . . . litigation if an open meeting may have a detrimental effect on the . . . litigation position of the governmental body . . .". Almost any conflict has the seeds of "potential litigation" and could be used by any governmental body to

justify an executive session. This would distort the plain intention of the statute. The word "litigation" and "litigating position" must be construed to apply only to actual pending litigation, or at the very least to litigation that had been clearly and imminently threatened, nor was there evidence showing that an open meeting discussion would cause harm to the defendant's position. 7 Mass. App. Ct. 226 (1979).

The most we have in this case is that Powers was represented by counsel. There is no evidence of imminently pending litigation.

Consequently, it was illegal for the defendant to conduct the executive session that it did.

## ORDER FOR JUDGMENT

A judgment may be entered declaring that the defendant, in voting to go into executive session on October 5, 1982, violated the provisions of G.L. c. 39, sec. 23B.

**Robert J. Hallisey**